**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GLORIA D. DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-CV-1513 PLC |
| ) | |
| RENITA L. SYAS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Gloria D. Dotson's Motion to Remand. [ECF No. 14] Defendant Renita Syas opposes the motion. [ECF No. 17]

**I.     Background**

On August 25, 2023, Plaintiff filed a petition against Defendant in the Circuit Court of the City of St. Louis alleging Plaintiff sustained injuries as a result of a motor vehicle accident caused by Defendant's negligence.  [ECF Nos. 1-1; 4] Plaintiff filed a "Request of Appointment of Process Server" in the circuit court seeking to serve Defendant at an address in Des Moines, Iowa. [ECF No. 1-1 at 5] Plaintiff's application did not include the name of process server, leaving the space provided blank. [ECF No. 1-1 at 5]

On August 27, 2023, the clerk of the court issued a "Summons for Personal Service Outside the State of Missouri" for Defendant at the specified address in Iowa. [ECF No. 1-1 at 9-10] The summons was stamped with the words "SPECIAL PROCESS SERVER[,]" and included a section titled "Officer's or Server's Affidavit of Service" and directions to the server making the return on service of the summons. [ECF No. 1-1 at 9-10]

On September 14, 2023, Plaintiff filed an "Affidavit of Service" completed by David Hindman and signed by a notary public for the State of Iowa.[1] [ECF No. 1-1 at 12] The affidavit states that Hindman personally served Defendant a copy of the petition and "attachments" on September 13, 2023 at 1:48 p.m., at the Polk County Jail in Des Moines, Iowa. [ECF No. 1-1 at 12]

On October 31, 2023, Defendant's counsel filed a special and limited entry of appearance for the purpose of contesting service of process and a Motion to Dismiss and/or Quash for Insufficiency of Service of Process.[2] [ECF Nos. 1-1 at 13-17; 5] As grounds for her motion, Defendant alleged the circuit court did not have personal jurisdiction over her because Hindman's service of the summons and petition on Defendant at the Polk County Jail was ineffective. [ECF No. 5]

On November 28, 2023, Defendant removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] [ECF No. 1, ¶ 9] Defendant alleged she was "improperly served with the Petition" and that her "Notice of Removal has been timely filed within one year [of the commencement of the action] pursuant to 28 U.S.C. §1446."[4] [ECF No. 1, ¶¶ 4, 8]

Plaintiff moves to remand the case to state court asserting Defendant's removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) for failing to remove the action within 30 days of

---

[1] Plaintiff did not return the affidavit of service provided by the circuit court with the summons. [ECF No. 1-1 at 9-10, 12]
[2] Plaintiff did not respond to Defendant's Motion to Dismiss and/or Quash prior to Defendant's removal of the action to this Court. [ECF No. 14-1 at 1] The Court declines to rule on this motion, leaving its resolution for the state court upon remand.
[3] In support of diversity jurisdiction, Defendant asserts complete diversity among the parties because Plaintiff is a citizen of Illinois and Defendant is a citizen of Minnesota. [ECF No. 1, ¶¶ 2-3] Defendant alleges the amount in controversy exceeds $75,000 because Plaintiff seeks damages in excess of $247,000. [ECF No. 1, ¶ 6-7]
[4] Defendant did not cite to any specific subsection of 28 U.S.C. §1446. [ECF No. 1]

receiving the pleading through personal service on September 13, 2023. [ECF Nos. 14 & 15] Defendant opposes remand contending Section 1446(b)(1)'s 30-day limitations period is triggered by formal service of process and receipt of the complaint, and that formal service of process is lacking in this case. [ECF No. 17] Specifically, Defendant argues Hindman's attempt to serve Defendant was ineffective because (1) Hindman was not a special process server appointed by the circuit court, (2) Hindman did not personally serve her, and (3) Hindman's return of service was deficient for failing to comply with Missouri Rule of Civil Procedure 54.20. [ECF No. 17]

Plaintiff replies that Hindman's September 13, 2023 service was proper because the circuit court's appointment of a special process server was sufficient. [ECF No. 18] Alternatively, Plaintiff contends that Hindman's service of process complied with Iowa's Rules of Civil Procedure, which she supported with the affidavit of John Houseman, "the owner, director, or officer of HZI, LLC, D/B/A Captured Investigative Agency" ("CIA"). [ECF Nos, 18 & 18-1] Houseman averred that he is licensed to serve summons in the City of St. Louis and that Plaintiff retained CIA as the special process server in her case. [ECF No. 18-1 ¶¶ 1, 4, 7] After locating Defendant in Iowa, CIA "contacted a local process server, Mr. David Hindman, who was licensed in the State of Iowa as a Process Server[,] to serve Defendant…with the Summons according to the laws of the State of Iowa." [ECF No. 18-1, ¶ 11] Houseman stated that Hindman "was neither a party to this action, nor was he an attorney for a party to this action." [ECF No. 18-1, ¶ 12] Plaintiff also contends that Hindman's affidavit establishes that he personally served Defendant and Defendant has not met her burden of providing any evidence that Hindman did not personally serve her. [ECF No. 18]

## II. Discussion

A defendant may remove to federal court any state court action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a); In re Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States[.]" 28 U.S.C. §1332(a)(1); OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citing 28 U.S.C. § 1332(a)). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). The party seeking removal and opposed to remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009).

The procedure for removal of a case to federal court is governed by 28 U.S.C. §1446. The statute provides that a defendant must file a notice of removal in a civil action "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).[5] Receipt of the complaint or petition without formal service is insufficient to commence the limitations period. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). Instead, a defendant's "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service of otherwise,' after and apart from service of the summons[.]" Id. at 348-49.

---

[5] 28 U.S.C. § 1446 contains additional provisions and time periods for removal which are inapplicable to this case.

4

On September 13, 2023, Defendant received a copy of the summons and petition in this case. [ECF No. 1-1 at 12] Seventy-six (76) days later, on November 28, 2023, Defendant filed her notice of removal. [ECF No. 1] Thus, if Hindman's service on September 13, 2023 was proper, Section 1446(b)(1)'s 30-day time period for filing the notice of removal was triggered, and Defendant's notice of removal was untimely and the action must be remanded.

A. Law Regarding Service of Process Outside Missouri

Service of process upon an individual subject to the jurisdiction of Missouri courts "may be made by personally serving the process upon the defendant outside" Missouri "and shall have the same force and effect as though process had been served within" Missouri. RSMo §506.510(1). Missouri Rule of Civil Procedure 54.14 provides that personal service outside the state of Missouri shall be made by "a person authorized by law to serve process in civil actions within the state or territory where such service is made" or by "a person appointed by the court in which the action is pending." Mo. R. Civ. P. 54.14 (a)(1), (2). See also RSMo § 506.510(2) (process and a copy of the petition "may be personally served upon the defendant by the person authorized to serve process in that place.").

Once service is completed, the process server must return to the issuing court an affidavit stating "the time, manner and place of service[.]" RSMo § 506.510(3). Furthermore, "service of process outside the state and return thereof shall be made in accordance with supreme court rule 54.20(b)." RSMo §506.192. Rule 54.20 governs proof of service and 54.20(b) establishes the requirements for a return of service filed with the court when service is made outside of Missouri. Mo. R. Civ. P. 54.20.  The contents of a return of service filed by an individual who served the

defendant outside of Missouri and was not appointed by the court a special process server is controlled by Rule 54.20 (b)(1)[6], which provides:

> Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory which such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

Mo. R. Civ. P. 54.20 (b)(1).

The affidavit of return of service is prima facie evidence of the facts recited therein. Mo. R. Civ. P. 54.22(a). Rule 54.20(b)(1), as already noted above, and Missouri statute permit the court to consider other evidence in addition to the affidavit in determining whether service was properly made. Mo. R. Civ. P. 54.20 (b)(1); RSMo § 506.510(3) ("The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."). Furthermore, a court may, in its discretion, "allow any process, return, or proof of service" to be amended at any time unless doing so would result in material prejudice of the substantial rights of the party served. RSMo § 506.190, Mo. R. Civ. P. 54.22(a).

B.  Hindman's Service of Process Complied with Iowa Law

Defendant argues that "Missouri Supreme Court Rule 54.14 requires that service of process made outside Missouri shall be made by a person appointed by the court in which the action is pending[.]" [ECF No. 17] Defendant contends that Hindman's attempt to serve Defendant was ineffective because Hindman was not appointed as a special process server by the circuit court or circuit clerk and, in fact, Hindman was ineligible to be appointed as a special process server under

---

[6] Subsection (b)(2) governs returns made by persons appointed as a special process server, while subsection (b)(3) controls returns when service is completed by mail.

6

the circuit court's local rules. [ECF No. 17]  Plaintiff counters that the circuit court's appointment of a special process server was sufficient because the summons was marked "SPECIAL PROCESS SERVER" and did not need to specifically include Hindman's name. [ECF No. 18] Alternatively, Plaintiff argues that Rule 54.14 permits service outside of Missouri by any person authorized to serve process in the state where service is made, that Hindman was authorized to serve process in Iowa, and that both the method and return of service in this case complied with Iowa's Rules of Civil Procedure. [ECF No. 18]

      Contrary to Defendant's assertion, Missouri does not require a special process server appointed by the circuit court to perform out-of-state service. In addition to a duly appointed special process server, Missouri permits any "person authorized by law to serve process in civil actions within the state or territory where such service is made" to personally serve a party outside of the state. Mo. R. Civ. P. 54.14 (a)(1); see also RSMo § 506.510(2) (process and a copy of the petition "may be personally served upon the defendant by the person authorized to serve process in that place."). Under these provisions, "Missouri mandates that outside-of-state service be governed by the requirements of the place where service is made[.]"  A.R.J. v. C.M.L., 575 S.W. 3d 738, 742 (Mo. App. E.D. 2019) (citing Mo. R. Civ. P. 54.14 and RSMo §§506.500, 506.510). Thus, the Circuit Court of the City of St. Louis was not required to appoint Hindman as a special process server in order for him to serve Defendant. Rather, Hindman was required to comply with the service requirements of Iowa.

      Iowa permits personal service "by any person who is neither a party nor the attorney for a party to the action." Iowa R. Civ. P. 1.302(4) ("Original notices [of a lawsuit] may be served by any person who is neither a party nor the attorney for a party to the action."); Iowa R. Civ. P. 1.306(1) (personal service includes delivery a copy of an "original notice" of a lawsuit to the proper

individual personally). See also Interest of C.S., No. 21-0717, 978 N.W.2d 818, * 2 (Iowa Ct. App. May 11, 2022) ("The rules of civil procedure require service of an original notice with a copy of the petition 'by any person who is neither a party nor the attorney for a party to the action.'")(quoting Iowa R. Civ. P. 1.302(4)). Under Iowa's civil rules, the person who served process must complete a return of service, with an affidavit, that includes the time, manner, and place of personal service and the name of person who was served. Iowa R. Civ. P. 1.308(1), (2). Proof of service shall be made "to the court promptly" and "within the time during which the person served must respond to the process[.]" Iowa R. Civ. P. 1.308(4). Validity of service, however, is not affected by a failure to "make proof of service[.]" Iowa R. Civ. P. 1.308(4).

On September 14, 2023, Plaintiff filed with the circuit court an "Affidavit of Service" completed by Hindman and signed by a notary public for the State of Iowa. [ECF No. 1-1 at 12] The affidavit states that Hindman personally served Defendant a copy of the petition and "attachments" on September 13, 2023 at 1:48 p.m., at the Polk County Jail in Des Moines, Iowa. [ECF No. 1-1 at 12] Hindman's return of service and affidavit is prima facie evidence that he personally served Defendant on September 13, 2023 at the Polk County Jail in Des Moines, Iowa.[7] See Mo. R. Civ. P. 54.22(a) (return of service is prima facie evidence of the facts recited therein).

John Houseman, the owner of CIA and whom Plaintiff retained as the special process server in her case, averred that CIA hired Hindman to serve Defendant "with the Summons according to the law of the State of Iowa." [ECF No. 18-1, ¶¶ 1, 4, 7, 11] Houseman further stated

---

[7] Defendant asserts in her response that Hindman did not personally serve her, stating she "was in her cell unit when the improper service occurred" and that "[t]he man who improperly served Defendant was wearing a black top and gray pants – the uniform worn by all the regular jail guards upon information and belief." [ECF No. 17] However, Hindman's affidavit stating that he "personally served Defendant" is prima facie evidence that he did, in fact, personally serve her. Mo. R. Civ. P. 54.22(a). Because Defendant has not submitted any evidence in support of her allegation that someone other than Hindman served her, the Court finds Plaintiff established that Hindman personally served the summons and petition on Defendant.

that Hindman was licensed to serve process in Iowa and "was neither a party to this action, nor …an attorney for a party to this action[,]" thus qualifying Hindman to serve process under Iowa law. [ECF No. 18-1, ¶¶ 11-12] See Iowa R. Civ. P. 1.302(4) ("Original notices [of a lawsuit] may be served by any person who is neither a party nor the attorney for a party to the action."). The day after service was completed, Plaintiff filed Hindman's return of service and affidavit in the Circuit Court of the City of St. Louis in compliance with the Iowa Rules of Civil Procedure. See Iowa R. Civ. P. 1.308(1), (2) (server must complete a return of service, with an affidavit, that includes the time, manner, and place of personal service and the name of person who was served); Iowa R. Civ. P. 1.308(4) (Proof of service shall be made "to the court promptly and in any event within the time during which the person served must respond to the process"). Therefore, the Court finds Hindman complied with Iowa's Rules of Civil Procedure regarding both the method and return of service.

    C. <u>Sufficiency of Return of Service under Rule 54.20</u>

Defendant also contends that proper service is lacking because Hindman's return of service was deficient under Rule 54.20 for failing to provide the address at which service was attempted and Hindman's "purported authority to serve process in civil actions within Iowa." [ECF No. 17] Plaintiff asserts that the return of service was sufficient because it complied with the proof of service requirements under Iowa's Rules of Civil Procedure.[8] [ECF No. 18]

---

[8] Plaintiff does not specifically address the return of service requirements for out-of-state service found in Mo. R. Civ. P. 54.20(b) or Defendant's argument that Hindman's failure to comply with the requirements of Rule 54.20 render service ineffectual.
    Instead, Plaintiff cites to <u>A.R.J. v. C.M.L.</u>, 575 S.W.3d 738 (Mo. App. E.D. 2019) in support of her argument that service was proper because service occurred in Iowa and Hindman's service complied with Iowa law, including Hindman's return of service. [ECF No. 18] Specifically, Plaintiff relies on <u>A.R.J.</u>'s interpretation and application of Rule 54.14 which provides that "personal service outside [Missouri] shall be made by a person authorized by law to serve process in civil actions within the state or territory where such service is made." Mo. R. Civ. P. 54.14.
    In <u>A.R.J.</u>, the defendant challenged service, in part, because the person who served process was not named in the application for appointment of a special process server and the server's affidavit of service

9

Rule 54.20(b) sets forth the requirements for a return of service when service is made outside of Missouri. Mo. R. Civ. P. 54.20(b); RSMo §506.192 ("service of process outside the state and return thereof shall be made in accordance with supreme court rule 54.20(b)"). In this case, the return of service must include an affidavit "stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory which such service was made." Mo. R. Civ. P. 54.20 (b)(1).

Here, Hindman's return of service does not comport with Rule 54.20(b)(1)'s requirements for a return of service, in that it does not include statements as to Hindman's "official character" and his "authority to serve process in civil actions within the state" of Iowa.[9] Missouri law, however, permits a court to consider "the affidavit or any other evidence in determining whether

---

was not notarized. Id. at 741, 743. The court interpreted Rule 54.14 as "mandate[ing] that outside-of-state service be governed by the requirements of the place where service is made" which, in that case, was California.  A.R.J., 575 S.W.3d at 742.

Notably, the court seemingly concluded that California law applied not just to the method of service, including who was eligible to serve process and the manner of service, but also to the process server's return of service. Id. at 743. The court concluded that the process server "successfully" served the defendant even though the process server's "affidavit acknowledging service was not notarized" because "the filing of a notarized affidavit [is not] required to effect valid service in California." A.R.J., 575 S.W.3d at 740, 743. The court did not analyze whether the process server's affidavit or return of service complied with Rule 54.20(b). Although not specifically stated by the court, the court's holding suggests that a party completing out-of-state service need not comply with the proof of service and return of service requirements found in Rule 54.20(b), which requires an affidavit from the person who made service, but instead must only comply with the return of service requirements of the state where service was made. This holding would seem to be in conflict with RSMo §506.192 providing that the return of service of process "shall be made in accordance with supreme court [R]ule 54.20(b)" and Rule 54.20(b) itself which establishes the requirements of an affidavit or return of service when service of process is achieved in another state or territory.

In this case, the Court need not resolve this potential conflict because Rule 54.20(b)(1) and RSMo § 506.510(3) permit the Court to consider additional evidence in determining whether service was proper and Plaintiff submitted Houseman's affidavit which, in conjunction with Hindman's affidavit, demonstrates that service was proper.

[9] Defendant also contends that the return of service was deficient because it did not provide the address at which service was effected. Rule 54.20(b)(1) and RSMo. §506.510(3), however, provide that the affidavit or return of service must include the "place" of service. Here, Hindman's affidavit complies with this requirement, stating he served Defendant at the "Polk County Jail" in Des Moines, Iowa.

service has been properly made." Rule 54.20(b)(1); RSMo § 506.510(3) ("The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."). Plaintiff filed with the Court an affidavit from John Houseman who averred that CIA hired Hindman, a process server licensed in Iowa, to serve Defendant "with the Summons according to the laws of the State of Iowa." [ECF No. 18-1, ¶ 11] Further, Houseman stated that Hindman "was neither a party to this action, nor was he an attorney for a party to this action[,]" thus qualifying Hindman to serve process under Iowa law.  [ECF No. 18-1, ¶ 12]

Considered together, Hindman's and Houseman's affidavits demonstrate that Defendant was properly served with the summons and a copy of Plaintiff's petition on September 13, 2023. Consequently, Section 1446(b)(1)'s 30-day time period for removal was triggered on that date. Because Defendant did not file her notice of removal until 76 days after service, removal of the action was untimely and the cause is remanded to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [ECF No. 14] is **GRANTED**. The Clerk of Court is directed to remand this case to the Circuit Court of the City of St. Louis, Missouri.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of January, 2024